UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUIPEMENTS DE TRANSFORMATION
IMAC,

        Plaintiff,

                                                                     Case Number 07-13306
v.                                                          Honorable David M. Lawson

ANHEUSER-BUSCH COMPANIES, INC. and
ANHEUSER-BUSCH, INC.,

        Defendants.

_____/

## ORDER GRANTING IN PART MOTION FOR RECONSIDERATION

The plaintiff asks the Court to reconsider its decision to stay this case pending *inter partes* reexamination before the United States Patent and Trademark Office (PTO). The plaintiff contends that it needs the vehicle of this litigation to access certain discovery, without which the reexamination process will be meaningless. The Court is not convinced that a temporary halt to the litigation would produce such dire consequences, but it nevertheless will grant reconsideration and lift the stay for a limited purpose. The Court granted the stay in the first instance to promote judicial and administrative economy; permitting discovery on a narrow issue pertinent to the reexamination process is consistent with that aim.

Motions for reconsideration may be granted pursuant to Local Rule 7.1(g) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally . . . the court will not grant motions for . . . reconsideration that merely present the same issues ruled

upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

The plaintiff in this case obtained the patent-in-suit, United States Patent No. 6,852,191 (the '191 Patent) on February 8, 2005. The '191 Patent describes a method and apparatus for making adhesive-backed labels that are applied to various products, including beer bottles. On August 8, 2007, the plaintiff filed its complaint in this Court against Anheuser-Busch Companies, Inc. and Anheuser-Busch, Inc. (collectively, Anheuser-Busch) for patent infringement. Anheuser-Busch sells beer in bottles that have labels similar to the ones made by the '191 Patent. The beer manufacturer does not make the labels or the label equipment. Instead, it receives those labels from a third party, FLEXcon Corporation. The plaintiff's principle allegation reflects this relationship: Anheuser-Busch has, according to the plaintiff, "sold beer in bottles bearing labels made by a process covered by one or more claims of the '191 patent without right, authority or license." Amend. Compl. at ¶ 8.

Three days before Anheuser-Busch answered the complaint – on October 12, 2007 – FLEXcon filed a request with the PTO for *inter partes* reexamination of the '191 Patent. *Inter partes* reexamination is a statutory procedure by which any interested party may request the PTO to review its decision to issue a patent in light of prior art. 35 U.S.C. § 311; *see also Tomco Equip. Co. v. Southeastern Agri-Systems, Inc.*, 542 F. Supp. 2d 1303 (N.D. Ga. 2008); *Callaway Golf Co. v. Acushnet Co.*, 523 F. Supp. 2d 388 (D. Del. 2007); *Cooper Tech. Co. v. Duda*, 247 F.R.D. 510 (E.D. Va. 2007); *Pieczenik v. Cambridge Antibody Tech. Group*, 2004 WL 1118500 (S.D.N.Y. May 14, 2004). FLEXcon cited fifteen pieces of prior art to support its contention that certain claims were invalid as obvious under 35 U.S.C. § 103(a) or as anticipated under 35 U.S.C. § 102(b).

On February 29, 2008, the PTO rejected claims 1, 12, 31, 32, and 33 under 35 U.S.C. §

103(a) as being unpatentable due to obviousness. Section 103(a) provides that "[a] patent may not be obtained . . . if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a).

But the PTO's initial decision was not the final word, as the plaintiff possessed and exercised the right to respond to the PTO's decision. *See* 37 C.F.R. § 1.945. FLEXcon had the right to a rejoinder, *see* 35 U.S.C. § 314(b)(2); 37 C.F.R. § 1.947, which it apparently exercised, offering the declaration of one Edward Allie, its director of engineering. Mr. Allie disputed the plaintiff's contentions that "there were many attempts by others to design equipment like [the plaintiff's] and all of them were unsuccessful" and that FLEXcon "copied or substantially copied" the '191 Patent. Defs.' Resp. to Mot. for Recon., Ex. A, Allie Dec. at ¶ 2 (internal quotation marks omitted). Allie testified instead that "[s]ince at least 1982, FLEXcon has employed laminating systems for continuously laminating label facestocks to adhesive coated release liners." *Id.* at ¶ 3. "Since at least 1998," Allie added, "FLEXcon has employed at least one laminating system to laminate a reverse pre-printed side of the facestocks to adhesive coated release liners." *Id.* at ¶ 4.

Although the dispute over the patent's validity under 35 U.S.C. § 103(a) is still being processed, the PTO has stated that, once it passes on these arguments, it intends to issue "an Action Closing Prosecution" (i.e., a final decision). Initial PTO Decision at 3. At that point, however, either the plaintiff or FLEXcon may appeal to the Board of Patent Appeals and Interferences and, beyond that, to the United States Court of Appeals for the Federal Circuit. *See* 35 U.S.C. §§ 315, 134, 141; *Cooper Tech. Co.*, 247 F.R.D. at 512 n.1.

Despite the opportunity for appeal, the plaintiff contends that the reexamination process will be meaningless without access to certain discovery. "Recognizing that the PTO itself may not order discovery," *Rohm and Haas Co. v. Mobil Oil Corp.*, 462 F. Supp. 732, 735 (D. Del. 1978), the Court tends to agree. Although it is somewhat unclear from the pleadings the precise issues on which the plaintiff seeks discovery, the plaintiff seems to contend that it needs information from both Anheuser-Busch and FLEXcon to rebut the charges of obviousness. Before this Court issued a stay, the magistrate judge ordered Anheuser-Busch to produce certain discovery on this and other issues on June 4, 2008, but the defendants (justifiably) never complied with that order because the Court stayed this case for all purposes on June 17, 2008. The Court noted the liberal policy in favor of granting stays pending *inter partes* reexamination to promote efficient dispute resolution. *Medicis Pharmaceutical Corp. v. Upsher-Smith Laboratories, Inc.*, 486 F. Supp. 2d 990, 993 (D. Ariz. 2007). The Court explained that it only made sense to stay the infringement litigation when the validity of the underlying patent was being reexamined by the PTO. That remains true. However, the efficiencies gained by awaiting the reexamination process will be superficial if the patentee has insufficient information to challenge the applicant's position or the PTO's initial determination. The prospect of a subsequent infringement suit may mean little if the PTO invalidates claims erroneously based on incomplete information. After all, although this Court has the authority to resolve infringement claims, it cannot overturn a PTO determination within the context of this case even if discovery ultimately shows the PTO's decision was flawed. The right to appeal to the Board of Patent Appeals and the Federal Circuit provides little consolation; the patentee would still be at a loss for discovery.

On the other hand, the Court is reluctant to lift the stay in its entirety. The Court does not

wish to meddle in the affairs of the PTO or otherwise interfere with reexamination. It wishes to *facilitate* reexamination. And the Court is aware of the natural tendency for one discovery request to lead to another. The Court intends to allow discovery only insofar as it is necessary to allow the plaintiff to engage the issue of obviousness as it has been framed before the PTO.

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration [dkt # 34] is **GRANTED IN PART**.

It is further **ORDERED** that the stay is modified for the following purposes only:

(1) To allow the plaintiff to obtain the discovery ordered by Magistrate Judge Scheer in his June 4, 2008 order granting the plaintiff's motion to compel; and

(2) To allow the plaintiff to obtain further discovery from the defendants and third parties regarding whether claims 1, 12, 31, 32, and 33 are invalid as obvious within the meaning of 35 U.S.C. § 103(a). The defendants shall cooperate in this process.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 18, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 18, 2008.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI